c

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| BRITTNEY COLEMAN, Plaintiff | CIVIL ACTION NO. 1:22-CV-06219 |
| VERSUS | JUDGE DOUGHTY |
| KENTRELL GAULDEN, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the complaint filed under 28 U.S.C. § 1332 of pro se Plaintiff Brittney Coleman ("Coleman"). Coleman was granted leave to proceed *in forma pauperis*. ECF No. 5.

Coleman, a nonprisoner, asserts a generic claim for "slander" against Defendant Kentrell Gaulden ("Gaulden"), a Utah resident. ECF No. 1.

For the following reasons, Coleman's claim should be DISMISSED as frivolous.

## I.    Background

Coleman filed a form Complaint against Gaulden. In the statement of her claim, she claims solely that she is "entitled to slander damages due to the defendants[sic] negligent actions to [her,] including emotional distress." ECF No. 1 at 4. She seeks $10,000,000 in damages for her pain and suffering. *Id.* There are no other allegations contained in the Complaint.

1

II.     Law and Analysis

A.      Coleman's Complaint is subject to screening under 28 U.S.C. § 1915(e).

Because she has been allowed to proceed *in forma pauperis*, Coleman's Complaint is subject to screening under § 1915(e)(2).  Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission,* 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir. 2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams,* 490 U.S. 319 (1989). A claims lacks an arguable basis in law when it is "based on indisputably meritless legal theory." *Id.* at 327.  While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d 94, 97 (5th Cir. 1994).  A district court is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another

2

opportunity to add more facts to the complaint." *Id.* While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Iqbal*, 556 U.S. at 679. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

B.    <u>Coleman fails to state a plausible claim against Gaulden.</u>

Coleman fails to state any factual allegations against Gaulden. She fails to state any single viable claim against Gaulden. Thus, Coleman's Complaint should be dismissed as frivolous.

III.    <u>Conclusion</u>

Accordingly,

**IT IS RECOMMENDED** that Coleman's Complaint be **DISMISSED WITHOUT PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of January 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4